UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | ) |
| | ) No. 16 C 182 |
| PLAINTIFF/STAKEHOLDER, | ) |
| | ) |
| v. | ) Judge Thomas M. Durkin |
| | ) |
| MARGUERITE M. CRANE, BRIDGET E. CRANE | ) |
| KATELYN M. CRANE, ERIN M. CRANE, KELLY | ) |
| A. CRANE AND KAREN M. CRANE | ) |
| | ) |
| DEFENDANTS/CLAIMANTS | ) |

**MEMORANDUM OPINION AND ORDER**

This interpleader action brought by Stakeholder-Plaintiff Principal Life Insurance Company seeks resolution of a dispute between Defendant-Claimants Marguerite Crane (the decedent's ex-wife) on behalf of her four daughters, and Karen Crane (the decedent's widow), over the proper disposition of the proceeds of a life insurance policy held by the decedent, John Crane. Principal has deposited all of the proceeds of the policy plus applicable interest in the registry of this Court. On that basis, and pleading no stake in the outcome of the defendants' dispute, Principal seeks an order discharging Principal of liability and enjoining the defendant-claimants from instituting any legal action against Principal regarding the disposition of the policy proceeds.

There is no dispute that this Court has personal jurisdiction over the defendants, that venue is proper, and that the subject matter of the case is within the jurisdiction of the Court. Nevertheless, in her motion to dismiss, Marguerite asks the Court to abstain from deciding the merits to permit the Cook County domestic relations judge to interpret what she contends is a decisive provision of her and the decedent's divorce decree.

That provision reads, in part, as follows:

1

> JOHN J. Crane shall secure and maintain on insurance on his life, having unencumbered death benefits in the face amount of two hundred and seventy-two thousand two hundred and fifty dollars ($272,250,00), for the sole benefit of the minor children of the parties. Further, JOHN J. CRANE shall continue said life insurance coverage in full farce end effect until the last of the minor children completes their undergraduate college education, but in no event shall he be ordered to continue the coverage beyond KELLY CRANE's twenty-third (23rd) birthday. In the event that JOHN J. CRANE dies on or before KELLY CRANE's twenty-third (23rd) birthday, and he does not have the requisite life insurance coverage as ordered in this paragraph, then MARGUERITE M. CRANE shall have a lien against his estate in the amount of two hundred and seventy two thousand two hundred and fifty dollars ($272,250.00).
>
> Upon the entry of this Judgment for Dissolution of Marriage, JOHN J. CRANE shall execute and deliver all documents necessary to designate MARGUERITE M. CRANE as the beneficiary of the foregoing life insurance, not individually, but solely as the guardian for the children.

Marguerite petitioned to enforce this provision in her dissolution case on November 17, 2015. On the same day, she moved to add Karen, named by the decedent as the sole beneficiary of the policy, as an indispensable third party to the action. On March 8, 2016, counsel for Marguerite and for Karen appeared before the state court judge in the matter and presented their respective positions, which presumably parallel those presented here. The state court judge, "having heard argument from counsel, reviewed the pleadings and case law, and being fully advised of the premises," ordered "Karen Crane [to be] made a party to the pending litigation as a third party respondent and set the case for status on Marguerite [Crane]'s Petition to Enforce Judgement for Dissolution of Marriage on April 13, 2015 at 9:30 am."

In arguing their respective positions, the parties all apply the "high standard for abstention" articulated in the *Colorado River* case, each asserting that the balance of "exceptional circumstances" factors weighs in its favor. This is the wrong standard. *See Hartford Life Ins. Co. v. Solomon*, 910 F. Supp. 2d 1075, 1083-84, (N.D. Ill. 2012) ("*Colorado River's* 'exceptional circumstances' test does not apply in interpleader cases because of the

2

equitable discretion that courts have traditionally exercised over that remedy"). Where, as here, "a federal court is called upon to proceed in a[n equitable] suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties," the broader *Wilton-Brillhart* doctrine applies, permitting the court "substantial discretion in deciding whether to declare the rights of [the] litigants." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 495 (1942). In such a case, "the question for the district court is whether the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in state court." *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)). In deciding whether abstention is appropriate under the *Wilton-Brillhart* doctrine, Courts in this district consider four guiding factors: (1) the scope of the pending state court proceeding; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the underlying dispute concerns a matter of state law; and (4) whether necessary parties have been joined and whether such parties are amenable to process in that proceeding. *See Hartford Fire Ins. Co. v. Coastal Int'l, Inc.*, 2015 WL 4038905, at *5 (N.D. Ill. June 30, 2015) (citing Seventh Circuit and United States Supreme Court authority).

Here, all four factors weigh heavily in favor of abstention. The question before the domestic relations court is whether, under the complex and acrimonious circumstances described in the parties' motion papers, the earlier-quoted provision from the divorce decree prohibited the decedent from changing the beneficiary designation on his life insurance policy at the time that he did. The answer to this question, which will be decided according to the contours of Illinois domestic relations law, will determine the defendant-claimants' respective rights to the life insurance policy proceeds. Moreover, with Karen added as a

3

third-party respondent, the state court's ruling will bind both Marguerite (and her daughters) and Karen, thus protecting Principal, which is not a party to the state court action, from the prospect of double liability. Of course, to the extent Principal has concerns about the effect of the state court's ruling, it is free to petition to intervene in that matter in accordance with the Illinois Rules of Civil Procedure.

The lynch-pin of this case is the interpretation of a divorce decree issued by a Cook County judge. This case does not present any corollary or independent issues of federal law, nor does it require interpretation of the life insurance contract itself. The domestic relations judge is already apprised of the premises of the dispute and appears to moving expeditiously toward resolving it.

For these reasons, this Court will not interfere with the state court's enforcement of its own order and therefore exercises its substantial discretion under the *Wilton-Brillhart* doctrine to abstain. The Court will not dismiss the case, however, because the Supreme Court has advised that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course insofar as it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the controversy." *Wilton*, 515 U.S. at 288, n. 2. This matter is therefore stayed. Once the state court has decided Marguerite's petition, any party may move the Court to lift the stay and proceed in a manner consistent with the state court's ruling.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: March 31, 2016